IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHEN SHERAK, #68555-066, | ) |
| Petitioner, | ) ) ) |
| vs. | ) )  Case No. 23-cv-1878-SMY |
| WARDEN, USP Marion, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Stephen Sherak, a federal prisoner currently incarcerated at Marion USP ("Marion") brings this habeas action pursuant to 28 U.S.C. § 2241. Sherak alleges he was denied due process in prison disciplinary proceedings which resulted in a loss of good conduct credit.

This matter is now before the Court for preliminary review. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

Inmates in the custody of the Bureau of Prisons can challenge the loss of good conduct credit by way of a petition for habeas relief pursuant to 28 U.S.C. §2241. *Jackson v. Carlson*, 707 F.2d 943, 946 (7th Cir. 1983). Given the limited record, it is not plainly apparent that Sherak is not entitled to habeas relief. Without commenting on the merits, the Court concludes that the Petition survives preliminary review, and a response shall be ordered.

**IT IS HEREBY ORDERED** that Respondent shall answer or otherwise plead on or before **May 3, 2024**. This preliminary order to respond does not preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification must be done in writing and no later than 7 days after a transfer or other change in address occurs. Failure to provide notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

Petitioner's Motion for Status (Doc. 6) is **TERMINATED AS MOOT**.

**IT IS SO ORDERED.**

**DATED:** April 3, 2024

**STACI M. YANDLE**
**United States District Judge**