**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **STEPHEN SHERAK,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 23-cv-1878-SMY** |
| | ) | |
| **WARDEN, USP MARION,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## <u>ORDER</u>

**YANDLE, District Judge:**

Petitioner Stephen Sherak filed this habeas corpus action pursuant to 28 U.S.C. §2241 seeking restoration of good conduct time and expungement of an incident report (Doc. 1). Respondent moves to dismiss the Petition as moot on the basis the incident report has already been expunged and the good conduct time has been restored (Doc. 11).  For the following reasons, Respondent's motion to dismiss is **GRANTED**.

On February 27, 2019, Sherak was sentenced by the United States District Court for the Southern District of New York (Doc. 1).  He alleges that while incarcerated at USP Marion, his due process rights were violated in a disciplinary proceeding that resulted in a loss of his good conduct time (Incident Report No. 3372117).  *Id.*  On June 1, 2023, Sherak filed a § 2241 Petition, arguing no evidence was presented to support the finding that a violation of a BOP rule occurred. *Id*.

Sherak's Petition survived preliminary review, and the Court ordered the Respondent to answer or otherwise plead (Doc. 7).  Respondent filed a Motion to Dismiss as Moot, asserting that after reviewing the charge against Sherak and the administrative record, the BOP expunged Sherak's relevant disciplinary charge and restored his 41 days of good conduct time (Docs. 11, 11-

1, 11-2, 11-3).

A petition for writ of habeas corpus under 28 U.S.C. §2241 is the proper vehicle to challenge of the execution of a sentence.  *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).  However, Article III of the Constitution limits the judicial power to "resolving live 'cases' and 'controversies.'"  *E.F.L. v. Prim*, 986 F.3d 959, 962 (7th Cir. 2021).  As such, if intervening circumstances deprive the plaintiff of a personal stake in the outcome of the action, the action can no longer proceed and must be dismissed as moot.  *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013).  A case is moot if it is impossible for the court to grant any effectual relief whatsoever to the prevailing party.  *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) *quoting Knox v. Service Employees International Union, Local 1000*, 567 U.S. 298, 307 (2012).

Here, the BOP's intervening actions, expunging the relevant disciplinary charge and restoring Sherak's good conduct time, provided the relief he seeks in his §2241 Petition, rendering it moot.  Accordingly, Respondent's Motion to Dismiss the Petition for Relief Pursuant to 28 U.S.C. § 2241 (Doc. 11) is **GRANTED**.  Sherak's Petition for habeas relief under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED without prejudice**.  The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  May 9, 2024**

**STACI M. YANDLE**
**United States District Judge**